M. Bergen Stone et al., complainants,

*v.*

Avalon Ice and Cold Storage Company et al., defendants.

[Submitted June 16th, 1924. Determined June 26th, 1924.]

Deeds—Restrictions—Subsequent Modifications and Abandonment of Certain Other Terms—Building to be Erected Not in Violation of the Restrictions.

On bill for injunction. On final hearing.

*Mr. George H. Jacobs,* for the complainants.

*Mr. Andrew C. Boswell,* for the defendants.

Ingersoll, V. C.

In 1887 the Seven Mile Beach Company, a corporation of this state, was the owner of a large tract of land in the borough of Avalon, on the island known as Seven Mile Beach, in Cape May county. On July 11th, 1892, this corporation filed in the office of the clerk of that county a map of said tract, on which were delineated streets and lots to the number of, approximately, four thousand. The company sold a great number of said lots, and in each of the conveyances made by the company there was included the following:

"To have and to hold the said hereinabove described premises with all and singular the appurtenances, unto the said party of the second part, his heirs and assigns forever, subject as aforesaid. And the said party of the second part for himself, his heirs, executors, administrators and assigns, doth hereby covenant, promise and agree to and with the said party of the first part, its successors and assigns, that he, the said party of the second part, his heirs, executors, administrators or assigns, will not erect, or cause or suffer to be erected, on said lot any building for any purpose nearer than fifteen feet to the line of any street or avenue, or nearer than five feet to any party or division line of said lot; and that no porch, bay window or other projection, except steps, shall be nearer than five feet to the line of any street or avenue, or nearer than two feet and six inches to any

party or division line, and no stable shall be nearer than twenty-five feet to the line of any street or avenue, or nearer than ten feet to any party or division line; and further, that he or his heirs, executors, administrators or assigns, will not sell, or permit, any malt, spirituous or other intoxicating liquor to be sold on said premises, except in buildings containing at least ten furnished bedrooms, and in such buildings only upon condition that the room or rooms in which said liquors are sold shall not be front rooms, but shall be back of a room at least fifteen feet in depth, and shall have no direct entrance to any street or avenue, but shall be entered through the said front room, or a hall way along said front room, or an entrance back of the said front room; that he will not dig, or cause or suffer to be dug, in the earth upon said lot any cesspool, and will not at any time permit the drainage into the soil from any water closet, or the drainage into the soil of anything that will contaminate it, but will provide for such purposes such device or devices as shall be directed or approved by the Seven Mile Beach Company, or by any existing municipal government established, or to be established, with jurisdiction over territory embracing said premises, and will keep the same clean and odorless, and subject at all times to their inspection; that he will not erect, or cause to erected, upon said lot any slaughter-house or bone-boiling establishment, or any other nuisance, or permit or suffer the drainage of any filth into the soil or said lot in any way whatever; that he will construct the roofs of all buildings erected upon said lot of some incombustible material such as slate. metal, tile, etc.; that he will maintain and keep the surface of said lot in all its parts not lower than the grade of the street curb opposite thereto, as fixed by the Seven Mile Beach Company, or by any municipal government which may be established as aforesaid, and that he will keep the front of said lot clear and free from all weeds, rubbish or nuisance of any kind, and that all buildings, fences, etc., upon said lot shall be kept sightly and in good order. And it is hereby further covenanted and agreed by the said party of the second part for himself, his heirs, executors, administrators and assigns, that the above covenants and agreements shall attach to and run with the land and premises hereby granted, and that the same may be enforced, or their breach and non-observance may be restrained or enjoined at any time by the said party of the first part, its successors or assigns, or its grantees, or the owners of the said lands now or late of the said party of the first part or any part thereof. And the said party of the first part, for itself and successors, doth by these presents covenant, grant, and agree to and with the said party of the second part, his heirs and assigns, that it. the said party of the first part, and its successors, all and singular the hereditaments and premises hereinabove described and granted, or mentioned and intended so to be, with the appurtenances, unto the said party of the second part, his heirs and assigns, against it, the said party of the first part, and its successors, and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from, through or under it, them or any of them, shall and will, subject as aforesaid, warrant and forever defend."

There is no question but that this was a general development scheme, and that the restrictions were enforceable.

The complainants are each the owners of a lot or tract of land included in this map and subject to the restrictions.

The defendants are the owners of "all that certain tract, lot or piece of ground composed of lot number 70, parts of lots numbers 68, 69, 72, 74 and 76 in section 7 on plan of Avalon, beginning at the westerly corner of Third avenue and Seventh street; thence, extending southwesterly along the northwesterly side of said Third avenue one hundred and sixty feet, more or less, to a point sixty feet eastwardly from the centre line of the West Jersey Railroad Company; thence northward, following a curve of said railroad company's land distant sixty feet from the centre line thereof, two hundred and seventy-five feet, more or less, to the southwesterly side of said Seventh street; thence southeastwardly along the southwesterly side of said Seventh street two hundred and twenty-five feet, more or less, to the place of beginning," upon which they are or have erected a building covering a portion of lots 68, 69, 70 and 72 on said map or plan.

The building is to be used for the manufacture of ice.

The complainants allege this building to be a violation of three separate clauses of the restrictions.

1. The clause, that "no building should be erected nearer than five feet to any party or division line of said lot."

2. "That there will not be erected any slaughter-house or bone-boiling establishment or any other nuisance."

3. That the roof of all buildings should be "of some incombustible material, such as slate, metal, tile, &c."

An examination of *Exhibit C-10* evidences that the first contention of the complainant cannot prevail.

It is evident that the tract of land of the defendant is only a part of a block of land remaining after the right of way of the West Jersey Seashore railroad crosses said block, and that only one lot remains in its original entirety, *i. e.,* No. 70, and that the remainder of the land consist of part of lots Nos. 68, 69, 72, 74 and 75, as originally laid

out and numbered. Although this entire lot is subdivided, it has, in each instance, been sold as a single tract.

No contention was made that the building thereon was erected too near the West Jersey Seashore railroad right of way. In fact, it was stated that no claim was made that the building was too near the line of streets.

It is further contended by the defendants that the Seven Mile Beach Company, the original grantors, gave a "practical application and interpretation" upon this restriction, in that many years ago, and shortly after the placing of the restrictions, they erected a double cottage upon and extending over the division line between two lots, and that they erected, or permitted to be erected, a large hotel building upon and over the division line of several lots; that said hotel was afterwards, because of the encroachment of the sea, moved upon other lots and over other division lines.

The principles as stated in *Underwood* v. *Herman & Co., 89 Atl. Rep. 21,* are dispositive of this question.

I, therefore, find that complainant is not entitled to relief, because of the erection of the building over the division line of the lots as plotted on the filed map.

The building is not *per se* a nuisance.

The reasoning of Vice-Chancellor Backes in *Ronan* v. *Barr, 89 Atl. Rep. 282,* and the cases cited by him are applicable to the present case, as are the findings of the learned vice-chancellor in *Bourgeois* v. *Miller, 104 Atl. Rep. 383.*

The restriction concerning the material to be used on the roofs has been practically interpreted by the Seven Mile Beach Company, and has been abandoned in so many instances it cannot now be enforced.

The result is that the bill will be dismissed, with costs.